**Ross BEIL**

v.

**The CHARIHO SCHOOL
COMMITTEE, et al.**

**No. 95–502–Appeal.**

Supreme Court of Rhode Island.

Nov. 16, 1995.

John Earle, Forest Avila, Deming Sherman, William Smith, William Gallogly, Rosemary Healy, James Green.

**ORDER**

This action began when the plaintiff-appellant filed a petition seeking a declaratory judgment in Superior Court regarding the effect, if any, of P.L.1995, Ch. 173, the Caruolo Act, upon the continuing jurisdiction of the commissioner of education to hear an appeal concerning fiscal year 1996 of the Chariho Regional School District Budget.

The Superior Court issued its declaratory judgment and applied the Caruolo Act prospectively, permitting the commissioner of education to finish hearing appeals pending before him. We granted plaintiff's request to expedite the appeal and ordered the matter to the show cause calendar so that the parties would have an opportunity to show cause why the issues raised in this appeal should not be summarily decided. After hearing counsel in oral argument and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

The underlying matter pending before the commissioner of education is an appeal of the Chariho School Committee (School Committee), under R.I. G.L. § 16–39–1, regarding the adequacy of the annual budget for the 1995–1996 fiscal year, as approved by the voters of the school district at their annual financial district meeting held on March 25, 1995.

The annual budget proposed by the school committee was reduced by the voters at the annual district meeting. The appeal before the commissioner of education was commenced by a letter of the superintendent of the school district. A hearing officer was appointed by the commissioner and a prehearing conference was held. Hearings on the matter were conducted on several days during which the hearing officer entertained arguments of counsel, heard the sworn testimony of witnesses, and admitted numerous documentary exhibits as evidence.

During the latest of the continued hearing sessions, the issue was raised as to whether the recently-enacted legislation pertaining to the resolution of school budget disputes affected the jurisdiction of the commissioner of education to continue to hear this matter. That legislation, Public Law 1995, Ch. 173, signed by the governor on July 3, 1995, indicates that it is to "take effect upon passage." The new legislation changes elements of prior law regarding the reconciliation and adjustment of local school budgets in instances where the school committee determines that its annual appropriated budget is not sufficient to meet state imposed educational mandates while satisfying the school committee's statutory obligation to maintain a "balanced" budget. The effect of the new law is that the ultimate decision-making power with respect to school budget disputes will be vested in the Superior Court, which may enter an order after conducting an evidentiary hearing requiring the local appropriating authority to increase the funds appropriated for the support of the local school system.

The Superior Court issued its declaratory judgment finding that the recent enactment was procedural in nature and did not effect substantive rights. The justice decided that he, therefore, had the right and the discretion to apply the new statute retroactively. However, the justice found that absent statutory language expressly or implicitly requiring retroactive application, and in light of the investments in time and resources made by the various communities currently pursuing the hearing process before the commissioner, it would be illogical, in balancing the equities involved, to require those communities which had started the administrative process before the commissioner "to go back to square one, to start all over." The court stated "[t]he

court interprets the statute involved in the Caruolo Act prospectively; that is, it will effect the future appeals from budgetary disputes between the authorities and the school committees and the appropriating agencies; that these matters presently being handled by the commissioner of education will continue to fruition and that this act will have no retrospective application to those pending appeals."

The court is of the opinion that the trial justice was correct. It is well settled that statutes and their amendments are presumed to apply prospectively. *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950 (1994). In *Hydro–Manufacturing* we specifically found that the language "to take effect upon passage" indicated a prospective intent. The statute before us incorporates that identical phrase.

The plaintiff argues that the court below found the statute to be a "procedural and remedial act" and, thus, should be given retroactive effect. That does not necessarily follow. We have consistently held that legislation that effects solely procedural or remedial issues *may* be given retroactive effect. *See, e.g., Pion v. Bess Eaton Donuts*, 637 A.2d 367 (1994).

For these reasons the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.